**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50175 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02959-WQH-2 |
| v. | |
| GUADALUPE RAMOS, AKA Guadalupe Ramos-Campos, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 11, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District Judge.[**]

The jury instruction given on the 18 U.S.C. § 111 assault charges specified

three acts for which Ramos could be found guilty: (1) intentionally striking

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

another; (2) willfully attempting to inflict injury on another; or (3) making a threat coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. The instruction specified a mens rea for the first two acts ("intentionally" and "willfully"). But the instruction erroneously omitted the mens rea necessary for the third. That part of the instruction should have stated, as our recently updated model instruction now does, that, to be guilty of forcible assault, a defendant must "intentionally" make a threat. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1118 n.3 (9th Cir. 2012); 9th Cir. Model Crim. Jury Instr. 8.4 (2012).

We cannot say this omission was harmless here, given the note the jury sent during deliberations. The jury note asked: "For a forcible assault, must the threat made by a person be an intentional threat? Or is a perceived threat enough?" The court did not answer the question directly but instead referred the jury back to the instructions already given. The jury could thus have convicted Ramos for placing the officers in apprehension of bodily harm without finding that Ramos did so intentionally.

We reverse Ramos's judgment of conviction with respect to count 8. In light of that holding, we do not reach Ramos's sentencing argument.

**REVERSED and REMANDED.**

2